Robert Keet Minto, Plaintiff and Appellant, v. Dorothy H. Minto, and The Southern Missouri Trust Company, Defendants; The Southern Missouri Trust Company, Respondent. —207 S. W. (2d) 842.

In the Springfield Court of Appeals. December 31, 1947.

*Arch A Johnson*, and *Wear & Wear*, for appellant.

*Frank C. Mann, C. Wallace Walter, Mann & Mann,* for respondent.

BLAIR, J.—The pleadings, which will be noticed, are a 2nd amended petition and a 2nd amended answer.

The action was commenced on May 1, 1945, by plaintiff (now appellant) against Dorothy H. Minto, alone, as defendant. The Southern Missouri Trust Company (named as one of the defendants, and now respondent) was not made a defendant until March 29, 1946, when the 2nd amended petition was filed.

There is no question about the facts alleged in the first eight paragraphs of the 2nd amended petition, and we can find, from such paragraphs, and from all the evidence in the case, that defendant, The Southern Missouri Trust Company, was a banking corporation, under the laws of the State of Missouri, at Springfield, Missouri, at all the times mentioned in such amended petition; that Dorothy H. Minto and appellant were formerly husband and wife and were divorced in the Circuit Court of Greene County, Missouri, on April 6, 1945; that appellant and defendant Dorothy H. Minto entered into a contract on March 6, 1945, in view of the expected dissolution of such marriage; that, when such contract was entered into appellant, and his then wife, owned certain real estate in Springfield, Missouri, which we think it unnecessary to describe.

Under the original contract, the defendant Dorothy H. Minto, then wife of the appellant, was authorized, among other things, to execute in appellant's name, contracts, deeds and other instruments relating to the sale of said property. It was further provided in said contract, that Dorothy H. Minto could sell and convey said property and that the net proceeds thereof should be divided as follows:

"That said defendant was to deposit in a separate account, to the credit of plaintiff one-half of such net proceeds of the sale, plus the sum of $500.00, and the balance of said sale price of said real estate was to go to the said defendant."

It is further undisputed that, on April 2, 1945, the sale of such real estate was consummated and the sum of $4,502.67 wats deposited in respondent bank in the name of appellant. Previously, a new contract had been entered into which made respondent, The Southern Missouri Trust Company, an escrow agent.

On May 30, 1944, appellant had executed a general power of attorney, whereby he constituted Dorothy H. Minto his true and lawful attorney, among other powers, "To deposit and withdraw in or from any banking institution, any funds, negotiable paper or moneys." The power of attorney in this respect was not changed by the new contract, even though appellant and his wife may not have had such matrimonial difficulties, when said power of attorney was executed.

The second amended petition charges that, on April 4, 1945, "the defendant Dorothy H. Minto wrongfully, unlawfully and without authority drew a check on plaintiff's account in said Southern Missouri Trust Company payable to the order of Dorothy H. Minto, in the sum of $4,002.67," as such attorney in fact and invested the proceeds in certain real estate, described in such amended petition.

As appellant claimed that The Southern Missouri Trust Company had no right to honor said check and pay the proceeds thereof over to defendant Dorothy H. Minto, under the circumstances, he sought judgment in said 2nd amended petition against both defendant Dorothy H. Minto and The Southern Missouri Trust Company, for $4,002.67, with interest from April 4, 1945, and asked that said judgment be declared a lien on the real estate, described in said 2nd amended petition.

The pleadings of defendant Dorothy H. Minto are omitted, as she is not involved in this appeal, although judgment was rendered against her in the circuit court.

On May 7, 1946, the defendant, The Southern Missouri Trust Company, filed its 2nd amended answer to plaintiff's 2nd amended petition, in which, among other things, said defendant alleged that defendant Dorothy H. Minto on April 4, 1945, presented to it a check signed "R. K. Minto, by Dorothy H. Minto, Attorney in fact," along with said power of attorney, and that said defendant cashed said check, under authority of, and in reliance upon, said power of attorney, and

deducted the amount of such check from the account of plaintiff in said bank, and denied that it acted wrongfully or unlawfully, in cashing such check, and pleaded that the plaintiff was estopped from alleging that said check was wrongfully cashed, by reason of such power of attorney, and that plaintiff did not claim any liability on such defendant's part for nearly a year thereafter, although fully advised at once that said defendant had cashed said check. To such 2nd amended answer, said defendant attached the contract, under which it acted, and the power of attorney, dated May 30, 1944, as Exhibits ''A'' and ''B.''

At a pre-trial conference, held on December 6, 1946, it was admitted, among other things, that Exhibits ''A'' and ''B'' (the exhibits attached to the 2nd amended answer) were executed by appellant and defendant Dorothy H. Minto.

It was further admitted that appellant modified the power of attorney, marked as Exhibit ''B,'' as follows:

''. . . the same is hereby modified· to the extent that if said second party shall execute on his behalf a deed to that real estate situated in Greene County, Missouri, and described as all of the West 85 feet of Lot 130, in Southern Addition to the City of Springfield, Missouri, said deed shall be delivered· in escrow to the Southern Missouri Trust Company, of Springfield, Missouri, for delivery to any grantee which may be named therein, and that such escrow party be and is hereby directed to deliver said deed, subject only to the encumbrance of a certain deed of trust securing a note payable to the Guaranty Federal Savings & Loan Association,· of Springfield, Missouri, in the amount of a balance of approximately $3314.18, and, upon receipt of the purchase price, or to deliver such deed to such grantee after satisfaction of said note and deed of trust and receipt of the balance of said purchase price, but in any event, to deposit the proceeds of such sale to the separate accounts of the parties hereto in the following proportions, to-wit: To the credit of Robert Keet Minto in the amount of fifty per cent of such price, plus the sum of $500.00, and to the credit of Dorothy Harrison Minto the balance of such purchase price not deposited to the credit of first party.''

It was further admitted that said defendant was the escrow agent mentioned in such modified contract.

Trial by jury was waived and the case was set for trial on· January 9, 1947. Other admissions seem to us to be immaterial, in the view we take of the case. Judgment was entered against defendant Dorothy H. Minto and in favor of The Southern Missouri Trust Company.

The main point in controversy, and in fact the main point in the case, seems to be the right of respondent bank to pay the check of April· 4, 1945, to defendant Dorothy H. Minto, and charge the face thereof to the account of appellant.

It was not until April 19, 1945, that appellant telegraphed defendant bank not to honor the previous power of attorney granted to Dorothy H. Minto, and we must regard such telegram as somewhat of an admission of appellant that his previous and written power of attorney was in force until that time. In the power of attorney given to defendant Dorothy H. Minto on May 30, 1944, which was duly acknowledged before a notary public, appellant had granted Dorothy H. Minto power "To deposit and withdraw in or from any banking institution, any funds, negotiable paper, or moneys." This written authority was not changed in any way by such modification.

We must look to the subsequent modification and the surrounding circumstances, if respondent bank is to be held at fault in cashing the check.

In his first assignment of errors, plaintiff says:

"The court erred in failing to hold that in the light of all the facts known by respondent, the checking out of plaintiff's money by his estranged wife was an act of such unusual, improbable and extraordinary character as to be sufficient to put it on inquiry as to her right to the money."

This is really the only complaint appellant makes, although he has stated essentially the same thing in different ways and other assignments of error cover practically the same ground.

Was respondent bank justified in honoring the power of attorney and cashing the check by Dorothy H. Minto, as attorney in fact, on April 4, 1945?

It cannot be asserted that, before April 4, 1945, respondent bank had seen any writing changing the authority of defendant Dorothy H. Minto to draw and cash said check. There must have been something in the surrounding circumstances that should have convinced respondent that such power of attorney did not mean what it plainly said, or that Dorothy H. Minto wrongfully intended to use the proceeds thereof for her own purposes and not for some purpose of appellant, and thereby defraud appellant. Although Dorothy H. Minto may have intended to defraud appellant, that is not in this case.

Appellant cites 2 C. J. 562; 2 C. J. S. 1197, par. 2, and 2 C. J. 561, Note 78-563; Note 85.

It is true, that one, dealing with a person who claims to represent another, does so at his peril; but that is not this case. Here Mrs. Minto, not only presented the power of attorney to respondent, but it is not shown that respondent bank had knowledge of any facts which would contradict, in any way, appellant's previous plain written authority. Respondent knew that there had been matrimonial difficulties between appellant and his wife; but appellant had trusted her to deposit and withdraw funds for him, and had authorized her to do so in writing, and why should the bank question such written authority?

We have examined all of the cases cited by appellant; but none of them go so far as to hold that one has a right to question written authority to do the very act in question.

In Miles F. Bixler v. Riney, 7 S. W. (2d) 396, Judge BRADLEY, formerly of this Court, reversed and remanded the case, largely for conflict of instructions.

In Friedman & Sons v. Kelly, 126 Mo. App. l. c. 290, cited by appellant, Judge NORTONI, of the St. Louis Court of Appeals, held that it was the duty of one to inquire into the authority of another, who poses as an agent of a third party, and ascertain whether the alleged agent has the authority he claims, when he makes an unusual proposition. There defendant merely took the word of the alleged agent as to his authority. That is not this case, because respondent bank had seen and acted in response to written authority, previously given by appellant.

In Stephens v. Roper Lumber Co., 41 L. R. A. 1141, 75 S. E. 933, Judge HOKE was dealing with a situation where one claimed an alleged agent had authority, which was unusual in the particular business, and was not authorized in writing, as here.

Appellant cites Paine v. Sheridan Trust Company, 172 N. E. 268. This was an erroneous citation, as we find the case in 174 N. E., at page 368. We do not consider this case in point.

Phez Co. v. Salem Fruit Union, 233 Pac. 547, merely held that one dealing with an agent cannot bind the principal, unless the principal has given the agent the particular authority, if the representation is one not usual in such agents. That case has no application, where the authority is in writing, as here.

Fidelity Trust Co. v. Fowler et ux., 217 S. W. 953, was by HALL, Judge, of the Texas Court of Appeals, and Syllabus 5, was as follows:

"The authority of a special agent must be strictly pursued to bind principal, and a person dealing with such agent is chargeable with notice of the extent of the authority."

The written case is rather long, but fully supports the syllabus (l. c. 956, paragraph 6). That case has no tendency to affect the situation here.

We think it unnecessary to notice the cases on laches, as we are satisfied that respondent bank's nonliability does not depend upon such alleged laches of appellant.

We now refer to the 2nd letter of April 4, 1945, written to appellant by respondent bank, from which we quote as follows:

"Since writing the enclosed letter today giving you a statement of the closing and distribution of the proceeds of the property at 710-712 S. Jefferson Avenue, Dorothy H. Minto presented to one of our tellers a check in the amount of $4002.67, signed by her as your attorney, with the power of attorney executed by you to her April 30.

1944, and duly recorded, attached, and which check was paid on the authority of the power of attorney presented.''

(Perhaps respondent meant May 30, 1944, instead of April 30, 1944, as that was the date of the only power of attorney in evidence.)

Appellant argues that it would have been entirely unnecessary for respondent bank to advise appellant that it had cashed a check for $4,002.67, on appellant's account, unless respondent bank had some doubt as to the right of defendant Dorothy H. Minto, under the circumstances, to use such previous power of attorney at that time.

It will be noted that, in a former letter of the same date, enclosed in the letter referred to, respondent had written appellant, enclosing an itemized statement of the disposition of the proceeds of the sale of the real estate therein described, and in that statement acknowledged a deposit to the account of appellant in the sum of $4,502.67. As the first letter of April 4, 1945, had not yet gone out, and had mentioned such deposit of $4,502.67, we fail to see any indication of bad faith on respondent's part, in writing the second letter of that date, enclosing the first letter, and thereby showing that appellant's account was different from what was shown in such statement, and had been reduced in the sum of $4,002.67, through a check presented by appellant's attorney in fact.

We are persuaded that the trial court reached the right result in this case and that its judgment, in favor of respondent, should be and is affirmed. *Fulbright, P. J.,* not sitting. *Vandeventer, J.,* concurs.